UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARYL GOODWIN,

                              Plaintiff,

      vs.

P.O. CHARLES LOTEMPIO,                  **THIRD AMENDED COMPLAINT**
P.O. GABRIEL PERSON,                    **WITH JURY DEMAND**
P.O. JOHN DOES 1-100
P.O. JANE DOES 1-100,                   Case No.: 1:11-CV-00748-RJA-JJM
CITY OF ROCHESTER
and
POLICE CHIEF JAMES M. SHEPPARD,

                              Defendants.

        Plaintiff, Daryl Goodwin, by and through his attorneys, Sean J. MacKenzie, of the law firm of Magavern Magavern Grimm LLP, complain against defendants, P.O. Charles LoTempio, P.O. Gabriel Person, P.O. John Does 1-100, P.O. Jane Does 1-100, City of Rochester, Rochester Police Department, and Police Chief James M. Sheppard, as follows:

### JURISDICTION AND VENUE

        1.      This action arises under the Constitution of the United States, particularly the Fourth, Sixth, and 14th Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C.A. §§ 1983, 1988, and under the laws of the State of New York.

        2.      The jurisdiction of this court is invoked under the provisions of 28 U.S.C.A. §§ 1331, 1334, and supplemental jurisdiction under 28 U.S.C.A. § 1367.

        3.      Venue is placed in this district because it is where all the parties reside or are employed, and it where the events complained of occurred.

## PARTIES

4.      Plaintiff, Daryl Goodwin, is now, and at all times hereinafter mentioned was, an African-American citizen of the United States of America, and a resident of the City of Rochester, County of Monroe, and State of New York.

5.      Defendants, Charles LoTempio and Gabriel Person ("Defendant Officers"), are now, and at all times mentioned were, duly appointed, employed, and acting police officers of defendant City of Rochester, County of Monroe, State of New York, and residents of that city and county.

6.      Defendants John Does 1-100 and Jane Does 1-100 (collectively, "Does") are now, and at all times mentioned were, duly appointed, employed, and acting unascertained police officers of defendant City of Rochester, County of Monroe, State of New York, and residents of that city and county.

7.      Defendant City of Rochester ("Defendant City" or "City"), is a municipal corporation, organized and existing under and by virtue of the Constitution and laws of New York, and is located in Monroe County, State of New York.

8.      Defendant, James M. Sheppard ("Defendant Sheppard"), is the duly appointed Chief of Police of defendant City of Rochester, County of Monroe, State of New York.

## FACTUAL ALLEGATIONS

9.      This complaint alleges that two actionable events occurred within a three month span in 2011.

I.      April 8, 2011

2

10.    On April 8, 2011, at approximately 5:00 p.m., Defendant Officers and Does conducted a traffic stop of a vehicle at or about 33 Sumner Street in the City of Rochester, in which Plaintiff was a passenger.

11.    Defendant Officers and Does removed Plaintiff from the vehicle and placed him in the back of their patrol car.

12.    Defendant Officers and Does then removed Plaintiff from the patrol car and forcibly took Plaintiff to a nearby area adjacent to an apartment building.

13.    There, Defendant Officers and Does attempted to remove Plaintiff's pants and underwear to conduct a body cavity search.

14.    When Plaintiff refused, Defendant Officers and Does struck Plaintiff and forced him to the ground where they physically restrained him, causing him to suffer physical, mental and emotional injuries to his body and self.

15.    While Plaintiff was subdued, Defendant Officers and Does did, without Plaintiff's consent, forcibly remove Plaintiff's pants and underwear, and conducted a body cavity search.

16.    Plaintiff's clothes were stripped from his body and the body cavity search was conducted in broad daylight in view of the general public.

17.    After completing the above-described search, Defendant Officers and Does arrested Plaintiff, and took him to a precinct of Defendant City's Rochester Police Department ("RPD"), and there imprisoned Plaintiff in a locked jail cell for an undetermined period of time

18.    None of the Defendants, at the time of the above-mentioned search or at any time during the subsequent detention of Plaintiff, had in their possession any warrant issued by any

3

judge, court, or magistrate authorizing a search of Plaintiff's person or the arrest of Plaintiff, nor had any warrant in fact been issued by any court, judge, or magistrate for such search and arrest.

19.     As a result of the search and arrest aforesaid, Plaintiff was not convicted of, nor did he plead guilty to, any charge whatsoever, criminal or otherwise.

II.     June 26, 2011

20.     On or about June 26, 2011, Plaintiff was a resident at 675 S. Clinton Street in the City of Rochester, in a residence owned or leased by Joseph Testa.

21.     Upon information and belief, on or about June 26, 2011, at approximately 5:00 p.m., Mr. Testa was stopped by Defendant Officers and Does while riding a bicycle in the immediate vicinity of his residence at 675 S. Clinton Street.

22.     Upon information and belief, Defendant Officers and Does handcuffed Mr. Testa and searched his person, removing a key to the residence occupied by him and Plaintiff.

23.     Upon information and belief, Mr. Testa did not consent to permit Defendant Officers and Does to take his key or to enter the residence he shared with Plaintiff.

24.     Defendant Officers and Does then immediately used the key taken from Mr. Testa to enter into Plaintiff's residence at 675 S. Clinton Street and, without warrant or consent, proceeded to physically restrain Plaintiff, while Defendant Officers and Does searched all the rooms, drawers, and closets of Plaintiff's home.

25.     In the course of entering Plaintiff's residence and seizing upon Plaintiff, Defendant Officers and Does did punch Plaintiff in the face and body, thereby causing Plaintiff to suffer physical, mental and emotional injuries.

26.    Plaintiff's two-year old and eight-month old children witnessed these actions of Defendant Officers and Does.

27.    After completing the above-described search, Defendant Officers and Does arrested Plaintiff, and took him to the a precinct of the RPD and there imprisoned Plaintiff in a locked jail cell for an undetermined period of time

28.    None of the Defendants, at the time of the above-mentioned search or at any time during the subsequent detention of Plaintiff, had in their possession any warrant issued by any judge, court, or magistrate authorizing a search of Plaintiff's person or the arrest of Plaintiff, nor had any warrant in fact been issued by any court, judge, or magistrate for such search and arrest.

29.    The acts alleged above were committed either on the instruction of Defendants City and Sheppard, or with the knowledge and consent of these defendants, or were thereafter approved and ratified by these defendants via the institution of established practices condoning the same.

30.    As a result of the search and arrest aforesaid, Plaintiff was not convicted of, nor did he plead guilty to, any charge whatsoever, criminal or otherwise.

**FIRST CAUSE OF ACTION:**
**CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C.A. § 1983**
**(Against Defendant Officers and Does, inclusive)**

31.    Plaintiff repeats each and every allegation contained in paragraphs "1" through "30" above, with the same force and effect as if fully set forth herein.

32.    This cause of action is brought pursuant to 42 U.S.C.A. § 1983 and the United States Constitution.

5

33.     On or before April 8, 2011, Plaintiff possessed the rights guaranteed by the United States Constitution, including but not limited to the Fourth and Fourteenth Amendment rights against unlawful and unreasonable search, seizure, and excessive force by means of unwarranted threats, and the right to be free from unlawful detention and/or arrest by police officers acting under the color of law.

34.     On April 8, 2011, Defendant Officers and Does acted with deliberate indifference or with reckless disregard for Plaintiff's rights, by targeting him for an illegal search without proper authority and/or Plaintiff's consent.

35.     On April 8, 2011, Defendant Officers and Does searched Plaintiff without probable cause, assaulted Plaintiff, and illegally seized, detained and/or arrested Plaintiff with reckless disregard of his civil rights, as set forth in detail in Plaintiff's factual allegations.

36.     On April 8, 2011, Defendant Officers and Does, inclusive, acted with deliberate indifference or with reckless disregard for Plaintiff's rights while one of the Defendant Officers and Does forcibly searched Plaintiff without probable cause and/or legal justification, and assaulted Plaintiff, and illegally seized, detained and/or arrested Plaintiff with reckless disregard of his civil rights, as set forth in detail in Plaintiff's factual allegations, and, on information and belief, failed to comply with department procedures.

37.     Plaintiff is informed and believes and therefore alleges that Defendants engaged in the described unlawful acts against Plaintiff, and facilitated, encouraged and/or instigated such unlawful, racially-motivated and unconstitutional acts, and failed to intervene to stop such acts, nor render any assistance knowing the severity of the injustice being inflicted on Plaintiff.

38.     At the time of the wrongful acts by Defendants, Plaintiff was not displaying any behavior to justify being forced out of the vehicle in which he was a passenger, unreasonably detained, and assaulted by Defendant Officers and Does.  Plaintiff was neither on probation nor parole at that time, or ever, and was not driving the vehicle.

6

39.    Moreover, Defendant Officers and Does lacked probable cause, reasonable suspicion or legal justification to detain and/or arrest Plaintiff on any basis.

40.    The unreasonable search and seizure of Plaintiff was entirely unjustified by any of the actions of Plaintiff, and constituted violations of his civil rights.

41.    On April 8, 2011, Defendant Officers and Does acted specifically with the intent to deprive Plaintiff of the following rights under the United States Constitution:

(a)    Freedom from unreasonable searches;

(b)    Freedom from unreasonable seizures in the form of unlawful detention and/or arrest by police officers;

(c)    Freedom from a deprivation of Liberty without due process of law;

(d)    Freedom from summary punishment;

(e)    Freedom from threat of harm under color of law; and

(f)    Freedom to move about freely as a citizen of the United States of America.

42.    Defendant Officers and Does subjected Plaintiff to the mentioned deprivations either by actual malice, deliberate indifference or reckless disregard for their rights under the United States Constitution and the laws of New York State

43.    Defendant Officers and Does acted at all times knowing that their conduct went against the authorized practices, customs, procedures and policies of Defendant City and was unlawful conduct in violation of the Fourth Amendment and the laws of New York.

44.    However, Defendant Officers and Does knew that Defendant City, acting through the chief policymaker Defendant Sheppard, had ratified, condoned, and acquiesced to their specific acts of intimidation and abusive conduct through unauthorized, yet established practices, customs and procedures and thus did not fear any repercussion from Defendant City, or Defendant Sheppard in taking the unlawful action against Plaintiff.

45.     As the direct and proximate cause of the mentioned acts of Defendants, Plaintiff suffered psychological injury, physical injuries, and severe emotional distress.

46.     By reason of the mentioned acts and omissions of Defendants, Plaintiff was caused to incur special damages, including medical expenses and loss of earnings, and general damages in an amount to be proved at trial.

47.     By reason of the mentioned acts and omissions of Defendants, Plaintiff was required to retain counsel to institute and prosecute this action, and Plaintiff requests payment by Defendants of a reasonable sum as and for attorney's fees pursuant to 42 U.S.C.A. § 1988.

48.     The mentioned acts of Defendants were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to the individually-named Defendants.

### SECOND CAUSE OF ACTION:
### CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C.A. § 1983
### (Against Defendant Officers and Does, inclusive)

49.     Plaintiff repeats each and every allegation contained in paragraphs "1" through "48" above, with the same force and effect as if fully set forth herein.

50.     This cause of action is brought pursuant to 42 U.S.C.A. § 1983 and the United States Constitution.

51.     On or before June 26, 2011, Plaintiff possessed the rights guaranteed by the United States Constitution, including but not limited to the Fourth and Fourteenth Amendment rights against unlawful and unreasonable search, seizure, and excessive force by means of unwarranted threats, and the right to be free from unlawful detention and/or arrest by police officers acting under the color of law.

8

52.     On June 26, 2011, Defendant Officers and Does, inclusive, acted with deliberate indifference or with reckless disregard for Plaintiff's rights, by targeting him for an illegal search without proper authority and/or Plaintiff's consent.

53.     On June 26, Defendant Officers and Does searched Plaintiff without probable cause, assaulted and sexually molested Plaintiff, and illegally seized, detained and/or arrested Plaintiff with reckless disregard of his civil rights, as set forth in detail in Plaintiff's factual allegations.

54.     On June 26, 2011, Defendant Officers and Does acted with deliberate indifference or with reckless disregard for Plaintiff's rights while one of the Defendant Officers and Does forcibly searched Plaintiff without probable cause and/or legal justification, and assaulted Plaintiff, and illegally seized, detained and/or arrested Plaintiff with reckless disregard of his civil rights, as set forth in detail in Plaintiff's factual allegations, and, on information and belief, failed to comply with department procedures.

55.     Plaintiff is informed and believes and therefore alleges that Defendant Officers and Does engaged in the described unlawful acts against Plaintiff, and facilitated, encouraged and/or instigated such unlawful, racially-motivated and unconstitutional acts, and failed to intervene to stop such acts, nor render any assistance knowing the severity of the injustice being inflicted on Plaintiff.

56.     At the time of the wrongful acts by Defendant Officers and Does, Plaintiff was not displaying any behavior to justify being forced out of the car, unreasonably detained, and assaulted by Defendant Officers and Does.  Plaintiff was neither on probation nor parole at that time, or ever, and was not driving the vehicle.

57.     Moreover, Defendant Officers and Does lacked probable cause, reasonable suspicion or legal justification to detain and/or arrest Plaintiff on any basis.

58.     The unreasonable search and seizure of Plaintiff was entirely unjustified by any of the actions of Plaintiff, and constituted violations of his civil rights.

59.     On June 26, 2011, Defendant Officers and Does acted specifically with the intent to deprive Plaintiff of the following rights under the United States Constitution:

(a)     Freedom from unreasonable searches;

(b)     Freedom from unreasonable seizures in the form of unlawful detention and/or arrest by police officers;

(c)     Freedom from a deprivation of Liberty without due process of law;

(d)     Freedom from summary punishment;

(e)     Freedom from threat of harm under color of law; and

(f)     Freedom to move about freely as a citizen of the United States of America.

60.     Defendant Officers and Does subjected Plaintiff to the mentioned deprivations either by actual malice, deliberate indifference or reckless disregard for their rights under the United States Constitution and the laws of New York State

61.     Defendant Officers and Does acted at all times knowing that their conduct went against the authorized practices, customs, procedures and policies of Defendant City and was unlawful conduct in violation of the Fourth Amendment and the laws of New York.  However, Defendant Officers and Does knew that Defendant City, acting through the chief policymaker Defendant Sheppard, had ratified, condoned, and acquiesced to their specific acts of intimidation and abusive conduct through unauthorized, yet established practices, customs and procedures and thus did not fear any repercussion from Defendant City or Defendant Sheppard in taking the unlawful action against Plaintiff.

62.     As the direct and proximate cause of the mentioned acts of Defendants, Plaintiff suffered psychological injury, physical injuries, and severe emotional distress.

63.    By reason of the mentioned acts and omissions of Defendants, Plaintiff was caused to incur special damages, including medical expenses and loss of earnings, and general damages in an amount to be proved at trial.

64.    By reason of the mentioned acts and omissions of Defendants, Plaintiff was required to retain counsel to institute and prosecute this action, and Plaintiff requests payment by Defendants of a reasonable sum as and for attorney's fees pursuant to 42 U.S.C.A. § 1988.

65.    The mentioned acts of Defendants were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to the individually-named Defendants.

**THIRD CAUSE OF ACTION:**
**MUNICIPALITY LIABILITY FOR CONSTITUTIONAL VIOLATIONS**
**(Against Defendant City)**

66.    Plaintiff repeats each and every allegation contained in paragraphs "1" through "65" above, with the same force and effect as if fully set forth herein.

67.    This cause of action is brought pursuant to 42 U.S.C.A. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

68.    On April 8, 2011 and June 26, 2011, Defendants Officers and Does, violated Plaintiff's constitutional rights by subjecting him to illegal search, seizure, detention and/or arrest as fully set forth above in the factual allegations.

69.    Defendants further violated Plaintiff's constitutional rights when Defendants unlawfully threatened the well-being of Plaintiff under color of law and physically assaulted Plaintiff.

11

70.     At all times relevant, Defendant Officers and Does were agents and employees of Defendant City and carrying out the acts alleged while acting under color of the authority and under color of the statutes, regulations, customs, and usages of Defendant City, pursuant to a set pattern, practice, and official policy of Defendant City.

71.     At the time of the assault against Plaintiff, and the false detention, seizure, and arrest of Plaintiff, Defendant City had in place and had ratified policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably violate the Fourth and Fourteenth Amendments, use unreasonable and unjustifiable procedures against minorities, specifically African-Americans, arbitrarily, including threatening and abusive behavior.

72.     These policies, procedures, customs and practices also called for Defendant City not to discipline, prosecute or in any way take corrective or responsive action to known incidents and/or complaints of excessive force via unwarranted threats, offensive touching, false detention and/or arrests by its officers or the related claims and lawsuits resulting from same.

73.     Upon information and belief, the mentioned policies, procedures, customs and practices called for the refusal of Defendant City to investigate or document complaints of previous incidents of offensive touching, threats, false detentions and/or arrests. Instead, these Defendants officially claimed that such incidents were justified and proper, or simply failed to report the misconduct.

74.     Defendants City's policies, procedures, customs and practices of inaction and cover-up encouraged officers of the RPD to believe that unlawful, offensive touching, threats, false detentions and/or arrests against individuals were permissible, particularly against individuals of minority groups.

75.     Defendant City had final policymaking authority over Defendant Officers and Does, and ratified their acts.

12

76.     The mentioned policies, procedures, customs and practices of Defendant City evidenced a deliberate indifference to the violations of the constitutional rights of Plaintiff.

77.     This indifference was manifested by the failure to change, correct, revoke, or rescind these policies involving inappropriate and offensive touching, unwarranted threats, false detentions and/or arrests.

78.     Defendants demonstrated deliberate indifference to the civil rights of minority groups and other victims of offensive touching, unwarranted threats, false detentions, searches, seizures and/or arrests, which was also evidenced by Defendant City ignoring the history and pattern of prior civil complaints, claims, and lawsuits alleging civil right violations and the related payment of judgments to such individuals for misconduct similar to that alleged in this complaint.

79.     Other systemic deficiencies that have indicated and continue to indicate deliberate indifference by Defendant City to the violations of the civil rights of individuals such as Plaintiffs by officers include the following:

(a)     Preparation of investigative reports designed to vindicate the use of force, false detentions and/or arrests;

(b)     Preparation of investigation reports which rely solely on the word of the Police Officers involved in complaints of offensive touching, illegal threats, and incidents of false detentions and/or arrests which systematically fail to credit testimony of non-Police Officer witnesses;

(c)     Preparation of investigative reports that omit factual information and physical evidence that contradicts the accounts of the Officers involved in the misconduct;

(d)     Issuance of public statements exonerating Officers in such incidents prior to the completion of investigation;

(e)     Failure to review investigative reports by supervisory Officers for accuracy or completeness and acceptance of conclusions that are unwarranted by the evidence and/or contradict such evidence; and

(f)    Acquiescence and/or a tacit agreement to a "code of silence" that permeates all levels of the chain of command within the RPD and serves to insulate and protect officers who engage in civil rights violations.

80.    Defendant City also maintains a system of grossly inadequate training pertaining to the use of force, proper physical restraint and search techniques of suspects in the detention and/or arrest of suspects, in that the training fails to meet standard police training and criteria which mandate the use of established customs, procedures, and guidelines to prevent the pattern of lawsuits against Defendants.

81.    The foregoing acts, omissions, and systematic deficiencies are policies and customs of Defendant City and as such cause Defendant Police Officers to believe that offensive touching, excessive force by means of unwarranted threats, false detentions and/or arrests are permissible and that such misconduct would not be honestly and properly investigated, all with the foreseeable result that Defendant Officers would engage in violations of the civil rights of citizens and residents of this State.

82.    As the result of the mentioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of Defendant City, Defendant officers and Does inflicted injuries on Plaintiff or otherwise caused and/or facilitated the damages and harm against Plaintiff that resulted in physical, emotional and psychological injuries.

83.    As a direct and proximate cause of the mentioned policies, procedures, customs, and practices of Defendant City, Plaintiff suffered physical injury and severe emotional distress.

84.    By reason of the mentioned acts and omissions of Defendant City, Plaintiff was forced to incur special damages, including medical expenses and loss of earnings, and general damages, in an amount to be proved at trial.

14

85. By reason of the mentioned acts and omissions of Defendant City, Plaintiff was required to retain counsel and institute and prosecute this action, and Plaintiff requests payment by Defendants of a reasonable sum as and for attorney's fees pursuant to 42 U.S.C.A. § 1983.

**FOURTH CAUSE OF ACTION:**
**SUPERVISORIAL RESPONSIBILITY FOR**
**VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS**
**(Against Defendants City and Sheppard)**

86. Plaintiff repeats each and every allegation contained in paragraphs "1" through "85" above, with the same force and effect as if fully set forth herein.

87. This cause of action is brought pursuant to 42 U.S.C.A. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

88. Defendants City and Sheppard, failed to adequately train, supervise, discipline or any other way control Defendants officers and Does, inclusive, in the exercise of their duties as officers, sergeants, commanders, lieutenants, and/or supervisors.

89. Defendants City and Sheppard are directly liable and responsible for the actions of Defendant Officers and Does because they repeatedly, knowingly and negligently failed to enforce the law of New York and the regulations of the RPD, thereby creating within the RPD an atmosphere of lawlessness in which Defendant Officers engaged in the violation of civil rights, as fully set forth in the factual allegations in this complaint.

90. Defendants City and Sheppard knew, or in the exercise of reasonable care should have known, of such unlawful acts and practices prior to and at the time of Plaintiff's injuries.

91. Defendants City and Sheppard were also negligent in failing to provide Defendants Officers and Does, inclusive, the proper and adequate training necessary to carry out their duties with due care so that these Defendants officers and Does could foreseeably be expected to perform in the course of their employment with Defendants City.

92.     Defendant officers and Does received inadequate training in the proper methods of searching, detaining, and/or arresting individuals.

93.     As a direct and proximate result of this failure to provide such training, Plaintiff suffered injuries and damages in an amount to be proved in the trial of this case.

94.     Defendants City and Sheppard have a duty to exercise due care in the hiring, selection, training, supervising, oversight, direction, investigation, rewarding, discipline and control of its officers, employees and agents.

95.     Defendants City and Sheppard breached that duty intentionally, purposely, knowingly, recklessly, with deliberate indifference, with gross negligence, and /or negligently and without regard to human safety, security, fundamental rights of fairness, and those rights guaranteed by the New York State Constitution and the Constitution of the United States of America and its corresponding Amendments.

96.     Defendants City and Sheppard knew, or should have known, and had actual, implied or constructive notice of the tortious misfeasance and nonfeasance leading up to the acts and omissions of its Defendant Officers and employees, and had the power to take reasonable steps to prevent or aid in the prevention of such tortuous actions or omissions.

97.     In the exercise of due diligence, Defendants City and Sheppard could have taken reasonable preventative action.

98.     As a direct and proximate result of that breach of duty, Plaintiff was caused to suffer physical injury, pain and suffering, fear, intimidation, severe mental anguish, and emotional distress, and was deprived of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

99.     Plaintiff has incurred damages for which each Defendant is liable due to the breach of duty described above and each respective violation of 42 U.S.C.A. § 1983.

100.     On April 8, 2011 and June 26, 2011, Defendant Officers and Does were officers, sergeants, lieutenants, commanders, and/or chiefs of the Defendant City's RPD.

101.     As individuals in these supervisory positions they learned and became aware of the offensive touching of Plaintiff and pattern of violations of his civil rights, unreasonable and thus unlawful detention, arrest, and the use of excessive force by means of unwarranted threats and physical force against Plaintiff by Defendant Officers and Does.

102.     They were aware of the customs, practices, and propensities of these subordinate officers, including Defendants Officers and Does to unlawfully target minorities, specifically African-Americans, to effect routine traffic stops with offensive and inappropriate touching, to use excessive force in the form of unwarranted threats, to falsely detain and/or arrest individuals, to file false police reports and to falsify evidence and commit perjury to conceal this misconduct.

103.     Defendants City and Sheppard inclusive, learned and became aware of the misconduct against Plaintiffs and tolerated, encouraged and condoned this misconduct by consciously ignoring, turning a blind eye to and overlooking the misconduct.

104.     By consciously and deliberately overlooking the acts of misconduct by their subordinate officers, including Defendants Officers and Does, Defendants City and Sheppard established a custom and practice of condoning and ratifying such misconduct and established a pattern of tolerating constitutional violations among their subordinate officers.

105.     The condoning of misconduct by Defendant Officers and Does was so comprehensive and well-known that their subordinate officers were emboldened to blatantly violate the constitutional rights of persons such as Plaintiff.

106.    Defendants City and Sheppard, through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations by their subordinate officers, including Defendant Officers and Does, inclusive, were deliberately indifferent to the constitutional violations being committed by these subordinate Defendants.

107.    Based on the custom and practice of condoning, tolerating and ratifying constitutional violations and failure to adequately train and discipline the subordinate officers who committed constitutional violations, Defendants City and Sheppard are liable for constitutional violations committed by Defendant Officers and Does for the damages suffered by Plaintiff as set forth herein.

108.    The mentioned acts of Defendants City and Sheppard were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to these individual defendants.

### FIFTH CAUSE OF ACTION:
### NEGLIGENCE
### (Against All Defendants)

109.    Plaintiff repeats each and every allegation contained in paragraphs "1" through "108" above, with the same force and effect as if fully set forth herein.

110.    Plaintiff is informed and believes and therefore alleges that on April 8, 2011 and June 26, 2011, Defendant Officers and Does negligently and without due care and cause or provocation caused Plaintiff to suffer unreasonable search and seizures, false imprisonment, physical injury and emotional distress.

111.    At all times during the negligent conduct of Defendant Officers and Does, Defendants Officers and Does were acting within the course and scope of their employment with Defendant City.

18

112.    The unlawful conduct by Defendants against Plaintiff constituted an unreasonable, unwarranted and excessive use of force by means of unlawful threats under color of authority, detention and/or arrest without legal cause or justification, and manifested an unreasonable risk of injury to Plaintiff.

113.    As the direct and proximate cause of Defendants' negligence, Plaintiff suffered injuries and damages in and amount to be proved at the time of trial.

## SIXTH CAUSE OF ACTION:
## ASSAULT AND BATTERY
### (Against Defendants City, Defendant Officers and Does)

114.    Plaintiff repeats each and every allegation contained in paragraphs "1" through "113" above, with the same force and effect as if fully set forth herein.

115.    Plaintiff asserts claims of assault and battery against Defendants based on assault and the offensive and unlawful touching of Plaintiff, which was the direct and legal cause of Plaintiff's injuries.

116.    At all times during the assault and unlawful touching of Plaintiff, Defendants were acting within the course and scope of their employment with Defendant City.

117.    Plaintiff is informed and believes and therefore alleges that the mentioned acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless and/or were done in willful, malicious, intentional, oppressive, reckless and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in amount to be determined at time of trial.

118.    As the direct and legal cause of the acts and omissions of these Defendants, and each of them, Plaintiff has suffered damages, including, without limitation, loss of earning

19

capacity, medical expenses, loss of enjoyment of life, pain and suffering, emotional distress, attorney's fees, costs of suit, and other pecuniary losses not yet ascertained.

## SEVENTH CAUSE OF ACTION:
### FALSE ARREST AND FALSE IMPRISONMENT
### (Against Defendants City, Officers and Does)

119.    Plaintiff repeats each and every allegation contained in paragraphs "1" through "118" above, with the same force and effect as if fully set forth herein.

120.    Defendants' actions wrongfully deprived Plaintiff of his liberty in violation of New York State law.  Plaintiff was detained, arrested and held against his will for an unreasonable period of time.

121.    At all times during the false arrest and imprisonment of Plaintiff, Defendant Officers and Does were acting within the course and scope of their employment with Defendant City.

122.    As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered physical, and psychological injuries, and severe emotional distress.

123.    Defendants' acts were intentional and done with malicious and oppressive intent. Plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

124.    As the direct and legal cause of the acts and omissions of these Defendants, and each of them, Plaintiff has suffered damages, including, without limitation, loss of earning capacity, medical expenses, loss of enjoyment of life, pain and suffering, emotional distress, attorney's fees, costs of suit, and other pecuniary losses not yet ascertained.

125.    Plaintiff is entitled to punitive damages against the individual Defendants because they acted maliciously, intentionally or with callous or reckless disregard for Plaintiff's rights.

**EIGHTH CAUSE OF ACTION:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

126. Plaintiff repeats each and every allegation contained in paragraphs "1" through "125" above, with the same force and effect as if fully set forth herein.

127. Defendants engaged in outrageous conduct towards Plaintiff, with the intention to cause, or with reckless disregard for the probability for causing Plaintiff to suffer severe emotional distress, and with wanton and reckless disregard for the injuries resulting to Plaintiff.

128. At all times mentioned, Defendants were acting within the course and scope of their employment with Defendant City.

129. As a direct and proximate result of Defendants' conduct, Plaintiff suffered psychological injuries and severe emotional distress.

130. Defendants' acts were intentional and done with malicious and oppressive intent. Plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

131. Plaintiff is also entitled to punitive damages as to the individually named Defendants because they acted maliciously, intentionally or with callous or reckless disregard for Plaintiff's rights.

**NINTH CAUSE OF ACTION:**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(Against All Defendants)**

132. Plaintiff repeats each and every allegation contained in paragraphs "1" through "131" above, with the same force and effect as if fully set forth herein.

21

133.   Defendants engaged in outrageous conduct towards Plaintiff, with negligent and reckless disregard of the probability for causing Plaintiff to suffer severe emotional distress, and with wanton and reckless disregard for the injuries resulting to Plaintiff.

134.   At all times mentioned, Defendants were acting within the course and scope of their employment with Defendant City.

135.   As a direct and proximate cause of Defendants' negligent conduct, Plaintiff has suffered psychological injuries and severe emotional distress.

136.   Defendants' acts were negligent and done with malicious and oppressive intent.

137.   Plaintiff is entitled to general and compensatory damages in amounts to be proved at trial.

138.   Plaintiff is also entitled to punitive damages as to the individually-named Defendants because they acted maliciously, intentionally or with callous or reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment over and against Defendants as follows:

      a.      on his first cause of action, compensatory and punitive damages in an amount to be determined at trial, together with statutory attorney's fees;

      b.      on his second cause of action, compensatory and punitive damages in an amount to be determined at trial, together with statutory attorney's fees;

      c.      on his third cause of action, compensatory and punitive damages in an amount to be determined at trial, together with statutory attorney's fees;

d. on his fourth cause of action, compensatory and punitive damages in an amount to be determined at trial, together with statutory attorney's fees;

e. on his fifth cause of action, compensatory and punitive damages in an amount to be determined at trial;

f. on his sixth cause of action, compensatory and punitive damages in an amount to be determined at trial, together with reasonable attorney's fees;

g. on his seventh cause of action, compensatory and punitive damages in an amount to be determined at trial, together with reasonable attorney's fees;

h. on his eighth cause of action, compensatory and punitive damages in an amount to be determined at trial, together with reasonable attorney's fees;

i. on his ninth cause of action, compensatory and punitive damages in an amount to be determined at trial;

j. the costs and disbursements of this action.

Dated: Buffalo, New York
April 4, 2013

MAGAVERN MAGAVERN GRIMM LLP


By___/s/ Sean J. MacKenzie_____
Sean J. MacKenzie, Esq.
Attorneys for Plaintiff
Office and Post Office Address
1100 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Tel: (716) 856-3500
Email: smackenzie@magavern.com

\99062.0003\372144.doc

23